Filed 2/26/24  P. v. Morfin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES MORFIN,<br><br>    Defendant and Appellant. | G061381<br><br>(Super. Ct. No. 01WF0782)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Julian W. Bailey, Judge.  Reversed and remanded.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel, Alan L. Amann and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In 2001, defendant James Morfin was convicted of first degree murder and street terrorism and ultimately sentenced to 25 years to life in state prison. The case was later remanded after a habeas corpus petition was granted, and the defendant's conviction was reduced to second degree murder with a sentence of 15 years to life. In 2019, the defendant filed a petition under former Penal Code section 1170.95[1] for resentencing. After an evidentiary hearing, the trial court determined the defendant was not entitled to relief because he was a major participant who acted with reckless indifference for human life.

The defendant argues the court's ruling was erroneous because he had not been convicted on a theory of felony murder, and second degree felony murder no longer exists. Further, the court never indicated the qualifying felony in which the defendant had been a major participant. The Attorney General concedes that the court relied on the inapplicable theory of felony murder as a basis for denying the petition, but contends that "the court's ruling that [defendant] was a major participant who acted with reckless disregard for life is a higher standard and necessarily encompasses a finding that [defendant] acted with conscious disregard for life as required for implied malice murder, this court should affirm the court's denial of the petition."

We conclude that the trial court's reliance on the inapplicable theory of felony murder mandates both reversal of the order and remand. It is not this court's role to determine facts and apply them to the relevant law in the first instance.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Subsequent statutory references are to the Penal Code unless otherwise indicated.

I

FACTS

A summary of the facts is set forth in the direct appeal in this matter, *People v. Morfin and Amezola* (July 22, 2004, G030390) [nonpub. opn.] (*Morfin I*). To summarize briefly, on July 24, 1999, defendant, the leader of the Southside gang, was attending a party at a home in Huntington Beach. After an altercation, the victim, Alberto Olmedo, was shot in the head while sitting in the back of a nearby apartment. Morfin was connected to the murder through the car he was driving, his statements to other gang members, the gun, and the statements of numerous witnesses. (*Morfin I*, *supra*, G030390.) After the jury convicted him of first degree murder with a gang enhancement (§§ 187, subd. (a), 186.22, subd. (b)) and street terrorism (§ 186.22, subd. (a)), the court sentenced him to 25 years to life. This court affirmed. (*Morfin I*, *supra*, G030390.)

In March 2016, Morfin filed a petition for a writ of habeas corpus. Pursuant to *People v. Chiu* (2014) 59 Cal.4th 155, he contended he was tried on the invalid natural and probable consequences doctrine of first degree murder, and because the record did not establish the jurors based the first degree murder verdict on a valid theory, his conviction must either be reversed and the case remanded for a new trial, or in the alternative, his conviction must be reduced to second degree murder. The trial court granted the petition, vacated the first degree murder conviction, and gave the prosecution the option of a retrial or accepting a reduction of the conviction to second degree murder. The prosecution accepted the reduction, and on July 17, 2017, Morfin was resentenced to 15 years to life for second degree murder. He was released from prison on June 7, 2018.

On May 14, 2019, Morfin filed a petition on his own behalf for resentencing pursuant to former section 1170.95, as well as a request for judicial notice. The court appointed the public defender to represent him. Additional briefing followed, and on March 6, 2020, the court determined Morfin had established a prima facie case for

3

relief. The hearing was delayed due to the pandemic, but was eventually held over several days in December 2021 and May 2022. On the final day of the hearing, the court denied the petition.

The court ruled from the bench. The first thing the court stated when issuing its ruling was "My task, as I see it, is to determine whether or not Mr. Morfin was a major participant in this killing, this murder. And, if so, whether or not he acted with reckless indifference to human life." The court then went on to review the law regarding that standard (citing by name *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522), and determined that Morfin was both a major participant and acted with the required reckless indifference. Accordingly, the court denied the petition.

## II

## DISCUSSION

*Statutory Context*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which took effect in January 2019, narrowed or eliminated certain forms of accomplice liability for murder. (Stats. 2018, ch. 1015.) "Senate Bill 1437 altered the substantive law of murder in two areas. First, with certain exceptions, it narrowed the application of the felony-murder rule . . . ." (*People v. Curiel* (2023) 15 Cal.5th 433, 448.) The bill also eliminated the natural and probable consequences doctrine as it relates to murder. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 11.)

In addition to changing the substantive law of murder, Senate Bill No. 1437 also created former section 1170.95, which gave those convicted of first or second degree murder the right to petition for resentencing under certain circumstances. Effective January 1, 2022, the Legislature amended former section 1170.95 (now known as § 1172.6) to include convictions for attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

4

The court evaluates petitions under section 1172.6 to determine if the petition makes a prima facie showing that relief is available, and if so, it issues an order to show cause (OSC). At the prima facie stage, the "'bar was intentionally and correctly set very low.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) If the court finds the petition meets the prima facie requirements, it issues an OSC and an evidentiary hearing is held after further briefing. (§ 1172.6, subd. (c).)

*Standard of Review*

While we review the court's factual findings for substantial evidence, our review of any errors of law is de novo. (*People v. Clements* (2022) 75 Cal.App.5th 276, 293; *People v. Pacheco* (2022) 76 Cal.App.5th 118, 123, review granted May 18, 2022, S274102.)

*The Trial Court Applied an Incorrect Standard*

The court in determining that its "task . . . is to determine whether or not Mr. Morfin was a major participant in this killing, this murder. And, if so, whether or not he acted with reckless indifference to human life," it treated Morfin as if he had been convicted of first degree felony murder, but he had not. At the time of trial, the jury was instructed on various theories, including first degree premeditated murder, unpremeditated second degree murder based on express malice, implied malice second degree murder, and the lesser included offense of voluntary manslaughter based on heat of passion. The court instructed the jury on various theories of vicarious liability, including direct aiding and abetting and the natural and probable consequences doctrine. As of the time of the hearing, Morfin's conviction was for second degree murder. He was not, at any point, convicted of an underlying felony that might serve as the basis for a first degree felony-murder conviction.

5

The Attorney General does not contest that the trial court relied on the incorrect and inapplicable theory of felony murder to deny defendant's petition.

*Remand is Required*

As noted above, the Attorney General asks this court to affirm the trial court's denial of the petition regardless of the fact that the court clearly applied the wrong standard. The Attorney General contends the court's findings that Morfin was a major participant in an unstated felony and acted with reckless indifference for human life "necessarily found [Morfin] aided and abetted an implied malice murder."

We disagree. Under current law, "'[a] participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.'" (*People v. Curiel*, *supra*, 15 Cal.5th at p. 448.)

To convict as an aider and abettor, "the prosecution must prove the person who is not the actual killer 'engaged in the requisite acts and had the requisite intent' to aid and abet the target crime of murder." (*People v. Pacheco*, *supra*, 76 Cal.App.5th at p. 124.) "'An aider and abettor must do something *and* have a certain mental state.'" (*Id.* at p. 127.) "'Thus, proof of [direct] aider and abettor liability requires proof in three distinct areas: (a) the direct perpetrator's actus reus—a crime committed by the direct perpetrator, (b) the aider and abettor's mens rea—knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends, and (c) the aider and abettor's actus reus—conduct by the aider and abettor that in fact assists the

6

achievement of the crime.'" (*Ibid.*) These are not the same factual inquiries as the ones required for felony murder.

By setting the case for an OSC, the trial court has already decided that Morfin met the essential statutory requirements for a petition under section 1172.6. The rest of the trial court's role is to make factual determinations and to apply those facts to the law, ultimately deciding if the defendant could be convicted of murder today on a valid theory. We decline the Attorney General's request to essentially undertake that task ourselves in the first instance, attempting to reshape the court's factual determinations into something new in order to reach its desired conclusion. As a matter of due process and fundamental fairness, Morfin is entitled to have the trial court evaluate the evidence under the correct standard and issue a new ruling.

*Request for a New Judge*

Morfin requests a different judge on remand. Code of Civil Procedure 170.1, subdivision (c), provides: "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." This statute also applies in criminal cases. (Code Civ. Proc., § 170.5, subd. (a).)

Morfin contends that "based on the court's articulated reasons for denying appellant's petition, it is obvious the judge either lacked an adequate understanding of the current murder laws or flagrantly disregarded them." While the judge here certainly erred, we cannot go that far. It did not help that neither party pointed out the error on the record after the judge's ruling.

## III

## DISPOSITION

The order denying Morfin's petition is reversed and the matter remanded for further proceedings.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.